be satisfied, by the evidence, that the plaintiff [Robert Oliver] loaned to the defendant, on the 3d of November, 1820, the sum of $3,000, and on the 22d of December, 1820, the further sum of $12,000, and on the 26th of June, 1822, the further sum of $8,000, and that at the times of the loans, respectively, it was agreed between the said parties, that the interest thereon should be paid annually, according to the respective dates of the said loans; and that afterwards the plaintiff calculated the interest of the said loan of $3,000 from the 3d of November, 1820, to the 31st of December, 1821, and on the said loan of $12,000, from the 22d of December, 1820, to the 31st of December, 1821, and afterwards calculated interest upon the said interest from the 31st of December, 1821, to the 31st of December, 1822, and that the promissory note of the defendant upon which this suit is brought was given for and included the interest upon the interest so calculated, and also the interest upon the said loan of $8,000 so calculated as aforesaid, then the said note is usurious, and the plaintiff cannot recover thereupon in this action.

Mr. Marbury cited Comyn, Usury, 82, §§ 7-14; Noy, 71; 3 Bos. & P. 154; 9 Ves. 223; 6 Johns. Ch. 313.

But THE COURT (THRUSTON, Circuit Judge, contra) refused to give the instruction.

Mr. Key cited Peter v. Brackenridge [unreported] in this court, May, 1830; Bank of Washington v. Eliot [Case No. 949]; Anstr. 495; and 1 Johns. Ch. 14.

See Comyn, Usury, 87, 147; 1 Bulst. 17; 2 Salk. 449; 1 Ch. Cas. 258; Brown v. Barkham, 1 P. Wms. 652; Thornhill v. Evans, 2 Atk. 330; Morgan v. Mather, 2 Ves. Jr. 15; Waring v. Cunliffe, 1 Ves. Jr. 99.

Verdict for plaintiff, $7,558.

---

## Case No. 10,496.

### OLIVER v. DECATUR.

[4 Cranch, C. C. 592.] [1]

Circuit Court, District of Columbia. Nov. Term, 1835.

BILL OF REVIVOR—APPEARANCE.

A defendant who appears to a bill of revivor is not entitled to the benefit of the sixth and tenth rules of practice established by the supreme court of the United States for the circuit courts, but the court will order the suit to stand revived unless cause be shown to the contrary in 10 days.

[This was a bill in equity by Robert Oliver against Susan Decatur.]

The complainant, Robert Oliver, died, and his executors filed a bill of revivor, and issued a subpoena which was returned served at the October rules, 1835, so that the appearance day was the first Monday in November. [See Case No. 10,494.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Key & Dunlop, the complainant's solicitors, moved the court now to order the suit to stand revived.

Mr. Marbury, the defendant's solicitor, now entered his appearance for the defendant and claimed time (three months) to plead, answer, or demur, according to the rules of this court as prescribed by the supreme court of the United States in cases of original bills. See Rules 6 and 10. In the English practice the same time is given to answer or plead to bills of revivor as to original bills, and the rules prescribed by the supreme court make no difference. 2 Madd. Ch. Prac. 260, 534.

THE COURT (Cranch, Chief Judge, contra) ordered the suit to stand revived, unless cause to the contrary should be shown in 10 days.

---

OLIVER (HUNT v.). See Case No. 6,894.

---

## Case No. 10,496a.

### OLIVER v. KAUFMAN.

[See Case No. 10,497.]

---

## Case No. 10,497.

### OLIVER et al. v. KAUFFMAN et al.

[Scr. Bk. 170; 1 Am. Law Reg. 142; 9 Leg. Int. 152.] [1]

Circuit Court, E. D. Pennsylvania. Oct., 1850.

SLAVERY — HARBORING FUGITIVES — "NOTICE" — WHAT MUST BE SHOWN IN ACTION FOR DAMAGES.

[1. The word "notice," as used in Act Cong. Feb. 12, 1793, § 4 (1 Stat. 305), making it an offense to harbor or conceal a person "after notice that he is a fugitive from labor," means "knowledge."]

[2. The harboring of a fugitive from labor made criminal by such act is the lending of encouragement to the fugitive in his desertion of his master, to further his escape, and to impede and frustrate his reclamation, not mere acts of kindness and charity.]

[3. In an action on the case for harboring and concealing plaintiff's fugitive slaves, plaintiff must show that the slaves were lost to him by defendant's illegal interference, or that some other loss, injury, or damage was suffered by him in consequence thereof.]

This was an action on the case by Cecilia Oliver and others, by their next friend, Eli Stake, against Daniel Kauffman, Stephen Weakley, and Philip Breckbill, for damages caused by their illegal harboring and secreting of plaintiffs' fugitive slaves.

H. M. Watts, C. B. Penrose, and W. B. Reed, for plaintiffs.

Thaddeus Stevens, for defendants.

GRIER, Circuit Justice (charging jury). The plaintiffs in this action are Cecilia Oli-

---

[1] [Published from Scrap Book in the custody of the clerk of the circuit court for the Eastern district of Pennsylvania. 1 Am. Law Reg. 142, and 9 Leg. Int. 152, contain only partial reports.]